### HITESHEW, et v TROUT

Ohio Appeals, 4th Dist, Vinton Co
Decided April 2, 1930

W. J. Jones, McArthur, for Hiteshew, et.
C. E. Vollenweider, McArthur and Silbaugh & Silbaugh, Lancaster, for Trout.

BY THE COURT

In this case a judgment was rendered by default after service by publication. Later during the term a motion was filed by the defendants to open up the case and permit them to plead. Instead of opening the case the trial court permitted the defendants to file an answer and cross petition. This was irregular. There was no petition to answer and no petition against which a counterclaim could lie because the petition had been merged into a judgment. The answer and cross petition, twice amended, was demurred to and the demurrer was sustained. To this error was prosecuted but no judgment was entered upon it. There could not have been because the judgment was entered long prior thereto.

The petition in error complains, however, of other errors apparent on the record. This we find to be sufficient. If the defendants had anything to law about they were entitled to have the record in shape to afford them relief if they were entitled to any. With the default judgment standing against them their attempt to plead was moot litigation. So long as the court was going to hear them they were entitled to a hearing that might be effective. The default should have been set aside first and the subsequent pleadings then considered. The answer and cross petition while not well drawn would seem to state a sort of defense. From the brief and argument of the plaintiffs below it would seem that the trial court may have been moved in determining the sufficiency of that pleading by assuming that it could consider in connection with the facts stated in the pleading other facts which had appeared in prior answers and cross petitions but which were omitted from the second amended answer and cross petition. While it is true, as urged, that a demurrer searches the record it does not have the effect of including in or adding to an amended pleading any statement of facts in a former pleading for which the amended pleading is filed. In other words, the court will not go behind the second amended pleading to ascertain if statements in the former pleading are inconsistent with the statements in the second amended answer and cross petition. The sufficiency of this last pleading must be decided by what it contains and may not be judged by any facts appearing in former pleadings which have been abandoned by the filing of this second amended pleading. While this pleading may be open to a motion to make more definite and certain it is good as against a general demurrer for the reason that it avers a want of consideration for the conveyance of the real estate involved, in that no free gas was furnished or made available by the grantor as he was bound to do under the express terms of his deed of conveyance.

The trial court erred in overruling the defendants' motion to open up the default judgment. Its order in that respect is reversed and the cause remanded with directions to sustain that motion and permit the defendants to present their defense in an orderly manner.

Middleton, PJ, Mauck and Blosser, JJ, concur.